IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JAMES TURNER,

                Plaintiff,

v.

CITY AND COUNTY OF RACINE,
JUDGE EMMANUEL VUVANAS,                        OPINION & ORDER
JUDGE LAWRENCE FLYNN,
JUDGE FAYE FLANCHER,                              16-cv-837-jdp
JUDGE GERALD P. PTACEK,
STATE OF CORRECTIONS ADMINISTRATION,
JON LITSCHER, MARK HEISE,
MICHAEL DITTMANN, and SANDY HAUTAMAKI,

                Defendants.

---

Plaintiff James Turner, appearing pro se, is a prisoner at the Stanley Correctional Institution. In 1988, Turner was convicted of 19 criminal counts in three Racine County cases, including armed robbery, false imprisonment, battery to an elderly person, and sexual assault. His combined consecutive sentences totaled more than 200 years of imprisonment.

Turner filed this lawsuit alleging that judges and city and county officials knowingly allowed him to be charged with incorrect sexual-assault charges, and that prison officials failed to act to correct his excessive sentences. I dismissed his claims about his sexual-assault charges and I directed him to amend his complaint to explain his claims about prison staff's failure to correct his sentences. Dkt. 10. I also directed him to name as defendants the prison officials who he says are responsible for this failure. *Id.*

Turner has filed an amended complaint naming the following prison officials as defendants: classification director Linda Faye, Warden Michael Dittman, Assistant Warden Sandy Hautamaki, and John and Jane Doe. He now alleges that they violated his Eighth

Amendment rights, or alternatively were negligent, when they "failed to act and administer" Wisconsin Administrative Code § DOC 302.22, the provision describing the process by which DOC officials compute an inmate's parole eligibility date and projected release date.

In my previous order, I explained that Turner brought an Eighth Amendment claim that "defendants held him beyond the term of his incarceration without penological justification, and that the prolonged detention was the result of the defendants' deliberate indifference." Dkt. 10, at 4 (citing *Armato v. Grounds*, 766 F.3d 713, 721 (7th Cir. 2014) (internal quotations omitted)). Although his original allegations were vague, I concluded that he might be able to provide more detailed allegations that could support this type of claim. His amended complaint remains vague, although he states that when he told defendant Faye about "his charges being incorrect," she told him "to challenge the[] issues on [his] conviction appeal." Dkt. 13, at 4.

Ultimately, my conclusion here is similar to Faye's advice. Nothing in Turner's original or amended complaints suggests that he was actually forced to serve time beyond the correct term of his incarceration. Rather, I take him to be saying that there are errors in his sentence that could eventually lead to him serving extra time. Beside the fact that Turner has not yet been harmed, he also cannot bring this lawsuit because a judgment in his favor would imply the invalidity of his current sentences. Under *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994), to recover damages for a prisoner's "unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," the plaintiff must prove "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of habeas corpus [under] 28 U.S.C. § 2254." The correct place for Turner to challenge his sentences is in state

court, or through a petition for writ of habeas corpus in federal court, but only after he exhausts his state-court remedies first.

ORDER

IT IS ORDERED that this case is DISMISSED under *Heck v. Humphrey*, 512 U.S. 477 (1994). The clerk of court is directed to enter judgment for defendants and close this case.

Entered September 11, 2018.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge